# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOHN K. ANING and KATHLEEN
FOTWE ANING,

     Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and CITIMORTGAGE,
INC.,

     Defendants.

CIVIL ACTION NO.
1:17-cv-00113-TWT-RGV

## MAGISTRATE JUDGE'S FINAL
## REPORT, RECOMMENDATION, AND ORDER

Defendants Federal National Mortgage Association ("Fannie Mae") and

CitiMortgage, Inc. ("CitiMortgage"), jointly referred to as "defendants," removed

this action filed in the Superior Court of Douglas County, Georgia, by plaintiff

Kathleen Fotwe Aning ("Aning"), [Doc. 1-1],[1] who is proceeding *pro se*,[2] to this

---

[1] The document and page numbers listed in citations to the record refer to the
documents and pages listed in the Adobe file reader linked to this Court's electronic
filing database, CM/ECF.

[2] Defendants correctly point out, [Doc. 5 at 2 n.1], that although the complaint
bears the names of both Aning and her husband, John K. Aning ("J. Aning"), only
Aning signed the complaint, see [Doc. 1-1 at 7]. As a *pro se* plaintiff, Aning may only
represent herself and may not assert claims on behalf of J. Aning. Turner v.
Cunningham, Civil Action No. 08-0249-WS-M, 2008 WL 2157113, at *1 n.2 (S.D. Ala.
May 20, 2008) (citations omitted) ("One plaintiff cannot sign on behalf of the others,
for the simple reason that a *pro se* plaintiff cannot represent other *pro se* plaintiffs in

Court, [Doc. 1], and have filed a motion to dismiss for failure to state a claim, [Doc. 5]. Defendants have also moved to stay discovery and pretrial deadlines, [Doc. 6], pending the Court's ruling on their motion to dismiss. Aning has not responded to these motions, so they are deemed to be unopposed.[3] See LR 7.1B, NDGa. For the reasons that follow, defendants' motion to stay discovery and pretrial deadlines, [Doc. 6], is **GRANTED**,[4] and it is **RECOMMENDED** that defendants' motion to

_____

legal proceedings in federal court."); Fed. R. Civ. P. 11(a). Since J. Aning has not signed the complaint, even after the omission of his signature from the complaint was raised by defendants in their notice of removal, [Doc. 1 at 2 n.1], and in their motion to dismiss, [Doc. 5 at 2 n.1], J. Aning is not a party to this action, see Boakye-Sankwa v. CitiMortgage, Inc., CIVIL ACTION NOS. 1:15-CV-352-RWS, 2015 WL 12434312, at *1 (N.D. Ga. Sept. 11, 2015) (citation omitted) (finding that a plaintiff who never signed the complaint was not a proper party to the action). However, if J. Aning were to sign the complaint or otherwise be joined as a plaintiff, his claims would fail for the same reasons stated in this Report and Recommendation.

[3] Although the motions are unopposed, the undersigned will address the merits of the motions. See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiff's' motions on the merits despite defendants' failure to file responses in opposition).

[4] In the motion to stay, defendants seek a stay of their obligation to serve initial disclosures, participate in a Rule 26(f) conference, and prepare a preliminary report and discovery plan until after the Court rules on its motion to dismiss. See [Doc. 6 at 4]. Upon consideration of the unopposed motion to stay, the Court hereby **GRANTS** the motion, [Doc. 6], and **ORDERS** that the parties' obligations to participate in a Rule 26(f) conference and to file initial disclosures and a joint preliminary report and discovery plan be stayed until the District Judge reviews this Report and Recommendation on the pending motion to dismiss.

dismiss, [Doc. 5], be **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the foreclosure of the real property located at 4633
Rabun Drive, Douglasville, Georgia ("the property"), for which Aning's husband,
J. Aning, obtained a refinanced home mortgage loan in the amount of $312,000.00
from Taylor, Bean & Whitaker Mortgage Corporation ("Taylor Bean") on July 8,
2008, and executed a security deed in favor of Mortgage Electronic Registration
Systems, Inc. ("MERS"), as nominee for Taylor Bean and its successors and assigns.
[Doc. 5-1 at 2-18]; see also [Doc. 1-1 at 3].[5] MERS subsequently assigned the security

---

[5] The factual background is taken from the pleadings and supporting exhibits
and does not constitute findings of fact by the Court. Additionally, defendants have
attached certain exhibits to their motion to dismiss. See [Docs. 5-1 through 5-7].
Generally, the Court "may not consider matters outside the pleadings without
converting the motion to a motion for summary judgment[.]" Redding v. Tuggle,
No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at
*1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008
WL 821886, at *1 (M.D. Fla. Mar. 20, 2008). However, the Court may consider an
exhibit without converting the motion into a motion for summary judgment if it is
"central to the plaintiff's claim and the authenticity of the document is not
challenged." Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir.
Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134
(11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369
(11th Cir. 1997) (per curiam)); see also Atwater v. Nat'l Football League Players
Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29,
2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007) (citations
omitted). The documents at issue here are central to Aning's claims, and she has not
challenged their authenticity. Zinn v. GMAC Mortg., No. 1:05 CV 01747 MHS, 2006
WL 418437, at *3 (N.D. Ga. Feb. 21, 2006). Furthermore, the documents are public
documents, and "a district court may take judicial notice of matters of public record

deed to CitiMortgage, [Doc. 5-2 at 2], and CitiMortgage foreclosed and purchased the property at the foreclosure sale on March 6, 2012, [Doc. 5-3 at 2-8]. CitiMortgage subsequently conveyed the property to Fannie Mae. [Doc. 5-4 at 2-3].

The Anings have an extensive history of litigation concerning the property. Specifically, on May 30, 2012, the Anings, proceeding *pro se*, filed suit against CitiMortgage and Fannie Mae in the Superior Court of Douglas County, Georgia. See Aning v. Fed. Nat'l Mortg. Ass'n, Civil Action File No. 1:12-cv-02342-CC, at [Doc. 1-8] (N.D. Ga. July 5, 2012) ("Aning I"). After the case was removed to this Court, it was dismissed, without prejudice, because the Anings failed to comply with the Court's order requiring that they show proof of serving process on the defendants. See id., at [Doc. 10] Fannie Mae had to initiate a dispossessory action in Douglas County Magistrate Court to obtain possession of the property, and after the Magistrate Court issued a writ of possession, the Anings appealed to the

---

without converting a Rule 12(b)(6) motion into a Rule 56 motion." Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Zivanic v. Wash. Mut. Bank, F.A., No. 10-737 SC, 2010 WL 2354199, at *2 n.2 (N.D. Cal. June 9, 2010) (citation omitted). Accordingly, the Court will consider the documents submitted as exhibits to defendants' motion to dismiss without converting the motion to a motion for summary judgment. See Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009 ) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

Superior Court of Douglas County. [Doc. 5-5 at 2]. On November 4, 2013, the Superior Court granted summary judgment in favor of Fannie Mae. [Id. at 3].

On November 26, 2013, the Anings, again proceeding *pro se*, filed another suit against CitiMortgage and Fannie Mae in the Superior Court of Douglas County, Georgia, asserting claims for wrongful foreclosure, intentional infliction of emotional distress, fraud, and injunctive and/or declaratory relief, see Aning v. Fed. Nat'l Mortg. Ass'n, Civil Action File No. 1:14-cv-00134-RGV, at [Doc. 1-1] (N.D. Ga. Jan. 15, 2014) ("Aning II"), and defendants removed the case to this Court and filed motions to dismiss, see id., at [Docs. 1, 3, & 4]. On September 25, 2014, the Court entered an Order granting Fannie Mae's motion to dismiss, and granting in part and denying in part CitiMortgage's motion to dismiss. Id., at [Doc. 13 at 15]. The Court dismissed all claims against Fannie Mae, and dismissed the Anings' claims for intentional infliction of emotional distress, fraud, and for injunctive and/or declaratory relief against CitiMortgage. Id. The Court further ruled that the Anings failed to state a claim for wrongful foreclosure based upon an alleged "fraudulent assignment," but found that they did state a plausible claim for wrongful foreclosure based on their allegations that they never stopped making payments. Id., at [Doc. 13 at 7-10]. CitiMortgage subsequently moved for summary judgment on the sole remaining claim for wrongful foreclosure, and on June 29, 2015, the Court entered

a final order granting CitiMortgage's motion for summary judgment. See id., at [Doc. 34]. Consistent with the Court's orders, judgment was entered in favor of CitiMortgage and Fannie Mae, and against the Anings. See id., at [Doc. 35]. The Anings appealed the judgment to the Eleventh Circuit Court of Appeals, id., at [Doc. 36], and on September 29, 2016, the Eleventh Circuit affirmed the judgment, see Aning v. Fed. Nat'l Mortg. Ass'n, 663 F. App'x 773, 775, 778 (11th Cir. 2016) (per curiam) (unpublished).

While their appeal to the Eleventh Circuit was still pending, Aning filed "Plaintiffs Motion for Temporary Restraining Order and Interlocutory and Permanent Injunction," action against CitiMortgage and Fannie Mae in the Superior Court of Douglas County, Georgia, on January 19, 2016, seeking to enjoin the defendants from (1) "conducting sale upon" the property; (2) "transferring any interest by deed to a third party prior to the time Plaintiffs challenges [sic] the legality and validity of the purported sole claim by Defendants that Plaintiffs stopped making payments which never happened as per valid payment proof"; and (3) encumbering or taking action affecting title to the property. [Doc. 1-1 at 3-4 (all caps omitted)]. The Superior Court of Douglas County entered an order on January 22, 2016, denying Aning's "ex parte request because the plaintiffs have completely

failed to comply with the statutory requirements for the court to grant such a restraining order." [Id. at 13].

On November 22, 2016, the Superior Court entered an order reminding "the plaintiffs that this court does not have jurisdiction over the two defendants named in this action because the plaintiff has never obtained valid service of process" and allowing "the plaintiff an additional 30 days in which to obtain valid service of process on the two named defendants." [Id. at 37]. Aning served CitiMortgage on December 12, 2016, and Fannie Mae on December 13, 2016, see [Doc. 1 at 3], and the defendants timely removed the action to this Court on January 11, 2017, see [id. at 1]. The next day, the Honorable Thomas W. Thrash, Jr., Chief United States District Judge for the Northern District of Georgia, entered an order denying Aning's request for a temporary restraining order, ruling that this action seeking to enjoin the sale of the foreclosed property on the grounds that the defendants wrongfully foreclosed upon the property "is foreclosed by res judicata." [Doc. 3 at 1].

Defendants move to dismiss this action for failure to state a claim upon which relief can be granted, contending that Aning's claims are barred by *res judicata* and collateral estoppel. [Doc. 5 at 8-13]. Defendants also argue that, even if Aning's claims were not barred, the complaint is due to be dismissed because it does not meet the minimum pleading requirements of Rules 8 and 10 of the Federal Rules of

Civil Procedure, [id. at 13-15], and further fails to state any claim upon which injunctive relief can be granted, [id. at 15-18]. Finally, defendants assert that the complaint fails to establish any actual controversy to warrant declaratory relief. [Id. at 18-19].

## II. STANDARD

Defendants have filed a motion to dismiss, arguing that *res judicata* and collateral estoppel bar Aning's claims, and that she has failed to state a plausible claim for relief. See [Doc. 5]. Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court must accept Aning's allegations as true and construe the complaint in her favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).[6]

---

[6] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" Id. (alterations in original) (footnote omitted) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted).[7]  "Factual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (footnote and citations omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).  The Supreme Court in <u>Iqbal</u> held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

---

[7] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, <u>see Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, <u>Grew v. Hopper</u>, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); <u>see also Beckwith v. Bellsouth Telecomms., Inc.</u>, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted). Thus, "[t]o state a plausible claim for relief, [Aning] must go beyond merely pleading the 'sheer possibility' of unlawful activity by [] defendant[s] and so must offer 'factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged.'" Stabb v. GMAC Mortg., LLC, 579 F. App'x 706, 708 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted).[8]

---

[8] In addition, an action barred by *res judicata* is properly dismissed for failure to state a claim pursuant to Rule 12(b)(6). See Brown v. One Beacon Ins. Co., 317 F. App'x 915, 918 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) ("The district court properly dismissed the action under Rule 12(b)(6) as barred by the doctrine of *res judicata*[.]"); Krauser v. Evollution IP Holdings, Inc., 975 F. Supp. 2d 1247, 1252 (S.D. Fla. 2013) (citing Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1184–85 (11th Cir. 2003)) ("affirming district court's dismissal on grounds of *res judicata* under Rule 12(b)(6)"). "The court may also take judicial notice of another court's orders" in considering "the defense of res judicata in a motion to dismiss filed pursuant to Rule 12(b)(6)[.]" Spooner v. Wells Fargo Bank, Nat'l Ass'ns (INC),

## III. DISCUSSION

### A. <u>Res Judicata</u>

Defendants contend that this action is barred by *res judicata*. [Doc. 5 at 8-13].[9]

Under the principle of *res judicata*, a final judgment on the merits in a civil action

operates to preclude parties or their privies from re-litigating in a subsequent

proceeding issues that were or could have been raised in the original action.

<u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981) (citations omitted).

"Whether in federal or state courts, 'res judicata . . . relieve[s] parties of the cost and

vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing

inconsistent decisions, encourage[s] reliance on adjudication.'" <u>Davis v. United</u>

<u>States Steel Supply</u>, 688 F.2d 166, 174 (3d Cir. 1982) (en banc) (citations omitted)

(quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). "The doctrine of res judicata is

---

Civil Action File No. 1:14–CV–3897–TWT, 2015 WL 5136385, at *5 (N.D. Ga. Aug. 31, 2015), adopted at *1 (citations omitted).

[9] The Court uses the term *res judicata* in its traditional sense as a synonym for claim preclusion, which "bars the re-litigation of claims that were raised or could have been raised in a prior proceeding," <u>McCulley v. Bank of Am., N.A.</u>, 605 F. App'x 875, 877 (11th Cir. 2015) (per curiam) (unpublished) (citing <u>Lobo v. Celebrity Cruises, Inc.</u>, 704 F.3d 882, 892 (11th Cir. 2013)), as distinguished from collateral estoppel (or issue preclusion), which applies only to specific issues that were actually litigated and necessarily decided in the prior action, see <u>In re Morrow</u>, 508 B.R. 514, 522 (Bankr. N.D. Ga. 2014) (quoting <u>Waldroup v. Greene Cty. Hosp. Auth.</u>, 463 S.E.2d 5, 7 (Ga. 1995)) (noting that "collateral estoppel under Georgia law limits the doctrine's applicability to 'those issues that necessarily had to be decided in order for the previous judgment to have been rendered'").

one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies." <u>Baptiste v. Comm'r of Internal Revenue</u>, 29 F.3d 1533, 1539 (11th Cir. 1994). "As to the parties to the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." <u>Id.</u> (citations omitted).

For *res judicata* to apply, four elements must exist: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identical parties (or their privies) in both actions, and (4) the same cause of action at issue in both cases. <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted); <u>see also</u> <u>Echeverria v. Bank of Am., N.A.</u>, 632 F. App'x 1006, 1008 (11th Cir. 2015) (per curiam) (unpublished) (citation omitted); <u>Clark v. Comm'r of Internal Revenue,</u> No. CV409-058, 2009 WL 1363411, at *2 (S.D. Ga. Mar. 30, 2009), adopted by 2009 WL 1034785, at *1 (S.D. Ga. Apr. 16, 2009) (citations omitted).[10] "Generally both the party

---

[10] Similarly, in Georgia, "[t]hree prerequisites must be satisfied before res judicata applies– (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." <u>Davis v. Green</u>, No. 1:12-cv-3549-WSD, 2015 WL 1729879, at *3 (N.D. Ga. Apr. 13, 2015) (alteration in original) (internal marks omitted) (quoting <u>Karan, Inc. v. Auto-Owners Ins. Co.</u>, 629 S.E.2d 260, 262 (Ga. 2006); O.C.G.A. § 9-12-40)); <u>see also</u> <u>id.</u> (citation omitted) (citing 28 U.S.C. § 1738)) ("In determining if a [state court] judgment has res judicata effect, the Court applies the res judicata law of the state that rendered the state court judgment.").

invoking res judicata and the party against whom it is invoked must have been represented in the prior action for res judicata to apply." <u>Vereen v. Everett</u>, Civil Action No. 1:08-CV-1969-RWS, 2009 WL 901007, at *3 (N.D. Ga. Mar. 31, 2009) (internal marks omitted) (quoting <u>Akin v. PAFEC Ltd.</u>, 991 F.2d 1550, 1559 (11th Cir. 1993)).

All of the elements of *res judicata* are satisfied in this case, as the Anings previously brought two actions against these same defendants, arising out of the foreclosure sale of the property, and the second action resulted in a final judgment in favor of CitiMogtgage and Fannie Mae on all claims. <u>Aning II</u>, at [Doc. 35]. The claims asserted in the current action arise out of the same underlying facts at issue in the prior cases concerning the foreclosure of the property, and in order to satisfy the requirement that the lawsuits involve the same causes of action, identical claims and legal theories are not required for *res judicata* to apply. Rather, "'[i]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.'" <u>Milburn v. Aegis Wholesale Corp.</u>, Civil Action No. 1:12–CV–1886–RWS, 2013 WL 1747915, at *4 (N.D. Ga. Apr. 22, 2013) (second alteration in original) (quoting <u>Citibank, N.A. v. Data Lease Fin. Corp.</u>, 904 F.2d 1498, 1503 (11th Cir. 1990)); <u>see also</u> <u>Echeverria</u>, 632 F. App'x at 1008 (citation

omitted); <u>Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co.</u>, 299 F. App'x 892, 896 (11th Cir. 2008) (per curiam) (unpublished) (citations omitted).  That is, "[r]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact," <u>Draper v. Atlanta Indep. Sch. Sys.</u>, 377 F. App'x 937, 939 (11th Cir. 2010) (unpublished) (citation and internal marks omitted), and it therefore "bars the filing of claims which were raised *or could have been raised* in an earlier proceeding," <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999) (emphasis added) (citation omitted); <u>see also</u> <u>Manning v. City of Auburn</u>, 953 F.2d 1355, 1358 (11th Cir. 1992) (citation omitted) (explaining that *res judicata* "bars relitigation of matters that were litigated or could have been litigated in [the] earlier suit"); <u>Gjellum v. City of Birmingham</u>, 829 F.2d 1056, 1059–60 (11th Cir. 1987) (citation and internal marks omitted) ("[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties . . . are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim . . . but as to any other admissible matter which might have been offered for that purpose."); <u>Neely v. City of Riverdale</u>, 681 S.E.2d 677, 679 (Ga. Ct. App. 2009) (citations and internal marks omitted) ("The doctrine [of *res judicata*] applies even if some new factual allegations have been made[ or] some new relief has been requested . . . . It

is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense."); <u>Franklin v. Gwinnett Cty. Pub. Sch.</u>, 407 S.E.2d 78, 83 (Ga. Ct. App. 1991), <u>superseded by statute as recognized in</u>, <u>One Bluff Drive, LLC v. K.A.P., Inc.</u>, 766 S.E.2d 508, 513 (Ga. Ct. App. 2014) (citation omitted) (citing <u>Spence v. Erwin</u>, 38 S.E.2d 394, 396-97 (Ga. 1946)) (defining a cause of action "as 'all the facts which together constitute the plaintiff's right to maintain the action,'" and explaining that, "when a subsequent action arises from the same wrong as a prior action and is based on essentially the same facts, the subsequent action should be barred by res judicata").

Aning's allegations in the present action "constitute[] the factual predicate, and any claims relating to [them] should [have been] brought in the same lawsuit," <u>Echeverria</u>, 632 F. App'x at 1008 (last alteration in original) (citation and internal marks omitted), and the instant action clearly constitutes the same cause of action as the previous actions, <u>see</u> <u>Vereen</u>, 2009 WL 901007, at *3 (finding claims barred by *res judicata* where "a comparison of the allegations contained in the [earlier and later complaints] . . . show[s] that all of the previous litigation arises from the same nucleus of operative facts"); <u>see also</u> <u>Milburn</u>, 2013 WL 1747915, at *4 (applying *res judicata* where "[i]n both cases, Plaintiff challenge[d] [the] authority to foreclose on

the Property," and where "[t]he same Property, Note, Security Deed, and Assignment [were] at issue in both suits"). Thus, there is no dispute that the cases filed by the Anings involve the same parties and the same causes of action.

In addition, the cause of action has been definitively adjudicated on the merits by a court of competent jurisdiction as this Court entered judgment in favor of Citimortgage and Fannie Mae against the Anings in the prior action on June 29, 2015. Aning II, at [Doc. 35]. "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case," and the "effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment." Bhindi Bros. v. Patel, 619 S.E.2d 814, 816 (Ga. Ct. App. 2005) (citation and internal marks omitted). And, it is the "identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [Aning] chose to frame her complaint." Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2d Cir. 1992) (citations omitted).

Accordingly, Aning's complaint is precluded by the doctrine of *res judicata* based on the judgment entered in Aning II. See Langermann v. Dubbin, 613 F. App'x 850, 853 (11th Cir. 2015) (per curiam) (unpublished) (first alteration in original) (citations and internal marks omitted) ("Res judicata makes an earlier judgment an absolute bar to [a] subsequent action or suit between the same parties,"

and "[i]t not only bars matters *actually litigated* in the earlier action; when it applies, res judicata also bars every claim which might have been presented in the earlier action."). Therefore, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** as it is barred by *res judicata*. See Moitie, 452 U.S. at 398; Manning, 953 F.2d at 1358.[11]

## B.   Failure to State a Plausible Claim

Defendants also argue that Aning fails to state a plausible claim to relief in conformity with federal pleading standards. [Doc. 5 at 13–17]. Because Aning has not responded to this argument, she could be deemed to have abandoned her claims, all of which are challenged as being implausible in defendants' motion to dismiss. See Baker v. DeKalb Cty., No. 1:12-cv-3247-WSD, 2014 WL 793527, at *6 n.13 (N.D. Ga. Feb. 27, 2014) (citation and internal marks omitted) ("Failure to respond to an opposing party's arguments regarding a claim constitutes abandonment of that claim, and warrants dismissal of the abandoned claim.").

---

[11] Because this action is due to be dismissed as barred by *res judicata*, there is no need for the Court to consider defendants' alternative argument that collateral estoppel provides an additional basis for dismissal. See Johnson v. Girl Scouts of the USA, Civil Action File No. 1:13-cv-01293-SCJ, at [Doc. 38 at 31 n.21] (N.D. Ga. Sept. 13, 2013), adopted at [Doc. 41] (N.D. Ga. Nov. 18, 2013) (citations omitted) (declining to consider defendants' argument that plaintiff's complaint was barred by collateral estoppel where the complaint was subject to dismissal under principles of *res judicata*). However, to the extent Aning's complaint includes any claims that are not barred by *res judicata*, the Court will address defendants' argument for dismissal based on the merits of her claims.

Moreover, even if Aning's claims were not abandoned or barred by *res judicata*, the Court has considered the merits of the motion to dismiss for failure to state a plausible claim, and finds that the allegations of Aning's complaint are insufficient to survive the motion to dismiss on this additional ground for the reasons stated in defendants' motion. <u>See</u> [Doc. 5 at 13-17].

## C.   <u>Declaratory Relief</u>

Aning asserts that "[a]n actual and justifiable controversy exists concerning the validity and enforceability of the Note and Security Deed which entitles Plaintiffs to a judgement [sic] declaring" the following:

> (a) the actual owner or holder of the Note; (b) the actual owner and holder of the Security Deed; (c) whether the separation of splitting of the note from the Security Deed rendered the Note unsecured; (d) whether the MERS Assignment was authorized, valid or enforceable; (c) [sic] whether the MERS Assignment assigned, sold or conveyed anything at all and if so, what that document assigned, conveyed and the nature, scope and conditions thereof; (f) whether the Note has been paid; (g) whether Defendants acquired any interest in or to the Note or Security Deed, and if so, on what terms (e.g. equitable subrogation) and subject to what conditions or defenses; (h) whether Defendants engaged in acts which have chilled the sale; (i) whether Defendants mutually departed from the terms of the Note or Security Deed, thereby requiring reasonable notice of its intent to insist upon strict compliance with the note terms; (j) whether defendants acquired assignment just to foreclose on the Property.

[Doc. 1-1 at 6-7].[12] Defendants contend that her claim for declaratory judgment fails because there is no justiciable controversy between Aning and the defendants. [Doc. 5 at 18].

Aning's request for a declaratory judgment concerns matters that have already occurred and been adjudicated by this Court in the prior action, and "a declaratory judgment is inappropriate solely to adjudicate past conduct, since a declaration that involves the adjudication of past conduct serves no useful purpose[.]"  Walker v. Fed. Nat'l Mortg. Ass'n, CIVIL ACTION FILE NO. 1:14-cv-01602-RWS-RGV, 2014 WL 12069852, at *9 (N.D. Ga. Dec. 19, 2014) (last alteration in original) (citations and internal marks omitted).  "Under both federal and state law, declaratory judgment may only be issued in cases of actual controversy between parties having adverse legal interests."  Trust v. DLJ Mortg. Capital, Inc., CIVIL ACTION NO. 1:15-CV-457-RWS-LTW, 2015 WL 12227732, at *6 (N.D. Ga. July 16, 2015), adopted by 2015 WL 11978787, at *1 (N.D. Ga. Aug. 6, 2015)

_____

[12] Aning also seeks injunctive relief against defendants, [Doc. 1-1 at 3-6], but Judge Thrash has already denied her motion for a Temporary Restraining Order, see [Doc. 3], and since it is recommended that defendants' motion to dismiss be granted on the basis of *res judicata* and for failure to plead a plausible claim for relief, it is further **RECOMMENDED** that Aning's request for injunctive relief be denied because it is without merit, see Spearman v. Wyndham Vacation Resorts, Inc., 69 F. Supp. 3d 1273, 1292 (N.D. Ala. 2014) (citation omitted) ("Any motion or suit for an injunction must be based upon a cause of action; an injunction is a type of relief rather than an independent cause of action.").

(citations omitted).  "If no such controversy exists, the case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." FedEx Corp. Servs., Inc. v. Eclipse IP LLC, 15 F. Supp. 3d 1346, 1348 (N.D. Ga. 2013); see also Laborde v. GMAC Mortg., LLC, CIVIL ACTION NO. 1:13-CV-00221-RLV-JCF, 2013 WL 12061841, at *9 (N.D. Ga. Apr. 25, 2013), adopted by 2013 WL 12072121, at *1 (N.D. Ga. May 15, 2013) (sixth alteration in original) (citations and internal marks omitted) (dismissing plaintiff's claim for declaratory relief since he did not "allege any future act or conduct about which he [was] uncertain and need[ed] guidance– an allegation that [was] essential for such a claim to survive a motion to dismiss," and noting that the "purpose of Georgia's Declaratory Judgment Act [was] to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," and that "[a] party seeking a declaratory judgment under Georgia law must establish that [a declaratory judgment] [was] necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests").

Furthermore, "Georgia law provides that declaratory judgment may only be issued in cases of actual controversy."  Dareing v. Bank of Am. Corp., CIVIL ACTION NO. 1:14-CV-1525-RWS-LTW, 2015 WL 11255490, at *7 (N.D. Ga. Feb. 18, 2015), adopted by 2015 WL 11364358, at *1 (N.D. Ga. Mar. 13, 2015) (citation

omitted).  Declaratory relief is simply not warranted since, "[i]n light of the Court's finding that [Aning] has failed to state a claim upon which relief may be granted, there are no allegations demonstrating the existence of an actual controversy[.]" McFarland v. BAC Home Loans Servicing, LP, Civil Action No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *4 (N.D. Ga. June 14, 2012) (citation omitted) (citing O.C.G.A. § 9-4-2(a)); see also Lesman v. Mortg. Elec. Registration Sys., Inc., Civil Action No. 2:12–CV–00023–RWS, 2013 WL 603895, at *5 (N.D. Ga. Feb. 19, 2013) (citations omitted). Accordingly, Aning's claim for declaratory relief is due to be denied, and it is therefore **RECOMMENDED** that defendants' motion to dismiss be **GRANTED** with respect to this claim.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to stay discovery and pretrial deadlines, [Doc. 6], is **GRANTED**, and it is **RECOMMENDED** that defendants' motion to dismiss, [Doc. 5], be **GRANTED**.

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

**IT IS SO ORDERED** and **RECOMMENDED**, this 14th day of April, 2017.

*Russell G. Vineyard*

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE